**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22 cv 143 |
| v. ) | |
| ) | |
| C.N.B. CONSTRUCTION, LLC., ) | |
| CARLOS DOUGLAS, and GC & LYNN ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff NAUTILUS INSURANCE COMPANY ("Nautilus") by and through its attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against Defendants, C.N.B. CONSTRUCTION, LLC ("CNB"), CARLOS DOUGLAS ("Douglas"), and GC & LYNN MANAGEMENT, LLC ("GC & Lynn"), states as follows:

### Nature of Action

1. Plaintiff, Nautilus, is an insurance company and issued a commercial lines policy, policy number NN1050817, to CNB for the policy period November 3, 2019, through November 3, 2020 (the "Nautilus Policy"). Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify CNB under the Nautilus Policy in connection with a First Amended Complaint styled *Carlos Douglas et al. v. Indiana-American Water, Inc. et al.*, Case No. 45D02-2105-PL-000383, which was filed in the Lake Superior Court, Lake County, Indiana (the "*Douglas* Lawsuit"), and a resulting Default Judgment entered against CNB on or about July 30, 2021 (the "Default Judgment"). Nautilus seeks a declaration that no

coverage is available under the Nautilus Policy and that Nautilus has no obligation to defend CNB or indemnify Defendants in connection with the *Douglas* Lawsuit or Default Judgment.

2. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Nautilus Policy. Nautilus contends that there is no obligation to defend CNB or indemnify Defendants in connection with the claims asserted in the underlying *Douglas* Lawsuit or resulting Default Judgment based on the terms of the Nautilus Policy and applicable law.

3. Nautilus has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Nautilus Policy. A judicial declaration is necessary and appropriate at this time so that Nautilus may ascertain its rights and duties with respect to defense and indemnity under the Nautilus Policy for the underlying *Douglas* Lawsuit and resulting Default Judgment.

4. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the underlying *Douglas* Lawsuit is pending in this district and a substantial part of the events giving rise to this claim occurred in this district.

## **The Parties**

6. Nautilus is, and at all relevant times has been, a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona. At all relevant times, Nautilus was an insurance company whose policies may be sold throughout the country, including in Indiana.

7. CNB is an Indiana limited liability company with its principle place of business in Griffith, Indiana. The sole member of CNB is Carlos Bernal, a resident and citizen of Indiana, domiciled at 5385 Liverpool, Hobart, Indiana, 46352.

8. Carlos Douglas is a citizen of Indiana, residing at 2400 Connecticut Street in Gary, Indiana.

9. GC & Lynn Management, LLC, is an Indiana limited liability company with its principle place of business in Munster, Indiana. The sole member of GC & Lynn is Carlos Douglas, a resident and citizen of Indiana, domiciled at 2400 Connecticut Street in Gary, Indiana.

### The Underlying *Douglas* Lawsuit

10. On May 13, 2021, Douglas filed a Complaint for Damages styled *Carlos Douglas v. Indiana-American Water, Inc. et al.*, Case No. 45D02-2105-PL-000383, in the Lake Superior Court, Lake County, Indiana, against CNB and Indiana-American Water, Inc. ("IAW").

11. On June 28, 2021, Douglas and GC & Lynn filed a First Amended Complaint for Damages against CNB and IAW. A copy of the *Douglas* Lawsuit is attached hereto as **Exhibit A**.

12. The *Douglas* Lawsuit alleges that Douglas and GC & Lynn rented property at 2400 Connecticut Street in Gary, Indiana (the "Property"), to Janet Jones. *See* Ex. A, ¶ 6.

13. It is alleged that on or about March 2, 2018, IAW contracted with Jones to install a service line from the Property to the company's meter ("Contract"). The Contract was signed by Jones on March 2, 2018, and by an IAW representative on March 5, 2018. *See* Ex. A, ¶¶ 6-8.

14. The *Douglas* Lawsuit alleges that IAW contracted with CNB to install a service line at the Property per the terms of the Contract, and that CNB did, in fact, install the service line at the Property. *See* Ex. A, ¶¶ 9-10.

15. Upon information and belief, the service line was installed at the Property in or about March 2018.

16. The *Douglas* Lawsuit alleges that on or about May 23, 2020, the service line that CNB installed at the Property failed, causing floor heaves and cracks all over the dwelling, a sinkhole outside the basement wall, flooding in the basement area, damage in the entryway, and other damages to the Property. *See* Ex. A, ¶ 11.

17. The *Douglas* Lawsuit asserted several causes of action against CNB including: (i) violation of the Indiana Home Improvement Contract Act, (ii) violation of the Indiana Deceptive Consumer Sales Act, (iii) breach of statutory warranties, (iv) breach of implied warranties, (v) negligence, (vi) mutual mistake regarding the authority to perform said work on Douglas' dwelling, (vii) rescission, (viii) trespass to property, (ix) general damage to property, and (x) punitive damages. *See* Ex. A, ¶¶ 40-83.

18. Defendant CNB was served with the original Complaint for Damages and Summons on May 19, 2021, and subsequently served with the First Amended Complaint and Summons on June 30, 2021.

19. Defendant CNB failed to answer or otherwise respond to Plaintiff's Complaint for Damages or the First Amended Complaint.

20. On July 30, 2021, the Lake Superior Court entered an Order and default judgment against CNB in the amount of $84,907.08 (the "Default Judgment"). A copy of the Default Judgment is attached hereto as **Exhibit B**.

### The Nautilus Policy

21. Nautilus issued a commercial lines policy, policy number NN1050817, to CNB for the policy period November 3, 2019, through November 3, 2020. The Nautilus Policy generally

provides coverage for those amounts that the insured becomes legally obligated to pay as damages for "property damage" caused by an "occurrence," where the "property damage" takes place during the policy period. A copy of the Nautilus Policy is attached hereto as **Exhibit C**.

22. Section IV, Commercial General Liability Conditions, Condition 2. (Duties In The Event Of Occurrence, Offense, Claim Or Suit) of the Nautilus Policy provides as follows:

> **2.** **Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> **(1)** How, when, and where the "occurrence" or offense took place;
> **(2)** The names and addresses of any injured persons and witnesses; and
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> **b.** If a claim is made or "suit" is brought against any insured, you must:
>
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or suit as soon as practicable.
>
> **c.** You and any other involved insured must:
>
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> **(2)** Authorize us to obtain records and other information;
> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
> **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*See* Ex. C, 22.

23. Additionally, the Nautilus Policy contains Form L292 (06/07), entitled "Exclusion – Your Work Completed Prior to Specified Date", which provides as follows:

> **EXCLUSION – YOUR WORK COMPLETED PRIOR TO SPECIFIED DATE**
> L292 (06/07)
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:
>
> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" that was completed by or on behalf of any insured prior to the date shown in the Schedule.
>
> **B.** We will have no duty to defend any insured against any loss, claim, "suit" or other proceeding seeking damages for "bodily injury" or "property damage" arising out of "your work" that was completed by or on behalf of any insured prior to the date shown in the Schedule.
>
> All other terms and conditions of this policy remain unchanged.

*See* Ex. C, 46 (hereinafter referred to as the "Prior Work Exclusion").

24. The corresponding Schedule of the Prior Work Exclusion lists "11/03/2019" as the applicable date. *See* Ex. C, 46.

25. Section V., Definitions, of the Nautilus Policy defines the term "products-completed operations hazard" as follows:

> **SECTION V – DEFINITIONS**
>
> * * *
>
> **16.** "Products-completed operations hazard":

      **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      **(1)**    Products that are still in your physical possession; or

      **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

      **(a)**    When all of the work called for in your contract has been completed.

      **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

      **b.**    Does not include "bodily injury" or "property damage" arising out of:

      **(1)**    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials; or Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products completed operations are subject to the General Aggregate Limit.

*See* Ex. C, 26.

    26.    The Nautilus Policy defines the term "your work" as follows:

**SECTION V – DEFINTIONS**

    **22.**    "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2)    The providing of or failure to provide warnings or instructions.

*See* Ex. C, 27.

27. By its plain terms, the Prior Work Exclusion precludes coverage for "property damage" included in the "products completed operations hazard" and arising out of CNB's "work" that was completed by or on behalf of CNB prior to November 3, 2019.

28. Additionally, the Nautilus Policy contains Form L217 (06/17), entitled "Exclusion – Punitive or Exemplary Damages", which provides as follows:

**EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES**
L217 (06/17)

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I**:

    This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.

All other terms and conditions of this policy remain unchanged.

*See* Ex. C, 39 (hereinafter referred to as the "Punitive Damages Exclusion").

## COUNT I – DECLARATORY JUDGMENT
## (LATE NOTICE)

29. Plaintiff incorporates and re-alleges the preceding paragraphs 1-28 as if fully restated and set forth herein as paragraph 29.

30. CNB first received notice of the damages to the Property, and a tender of the claim to CNB, on or about June 16, 2020.

31. In October 2020, CNB received a separate claim/demand from Douglas' counsel seeking payment for damages to the Property allegedly arising out of CNB's work.

32. CNB failed to provide prompt or timely notice of the "occurrence" or damage to the subject Property, or the tender of claim to CNB received in June 2020 or October 2020, respectively.

33. Nautilus later received a pre-suit notice of loss involving CNB's work at the Property in or about March 2021, and conducted a preliminary investigation at that time.

34. Nautilus issued correspondence on June 24, 2021, denying any liability on the part of CNB for the alleged damages to the Property based on Nautilus' preliminary investigation.

35. However, unbeknownst to Nautilus, Douglas had filed the original Complaint for Damages against CNB on May 13, 2021. Douglas subsequently filed a First Amended Complaint for Damages against CNB on June 28, 2021.

36. Defendant CNB was served with the original Complaint for Damages and Summons on May 19, 2021, and subsequently served with the First Amended Complaint and Summons on June 30, 2021.

37. CNB did not provide notice of the original Complaint for Damages or First Amended Complaint for Damages to Nautilus.

38. Nautilus' first notice of the *Douglas* Lawsuit occurred on September 28, 2021, when it received a faxed copy of an "Order Granting Motion for Proceedings Supplemental To Defendant, C.N.B Construction, LLC" entered in the *Douglas* Lawsuit. A copy of the fax and order are attached hereto as **Exhibit D**.

39. Nautilus' first notice of the *Douglas* Lawsuit occurred after entry of the Default Judgment against CNB.

40. Following Nautilus' first notice of the *Douglas* Lawsuit and the Default Judgment, Nautilus retained defense counsel in October 2021 to defend CNB in the *Douglas* Lawsuit, subject to a reservation of rights. Given CNB's failure to answer or respond to the *Douglas* Lawsuit and subsequent delay, defense counsel advised that the Default Judgment could not be set aside.

41. Condition 2. of the Nautilus Policy requires CNB, among other things, to notify Nautilus of any "occurrence," "suit" or claim against CNB, in writing, as soon as practicable, and immediately send copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" to Nautilus.

42. CNB failed to provide prompt or timely notice of the original "occurrence," Complaint for Damages, or First Amended Complaint for Damages to Nautilus, or immediately send copies of the summons or other legal papers received by CNB in connection with the *Douglas* Lawsuit to Nautilus.

43. CNB's failure to provide prompt or timely notice of the original "occurrence," Complaint for Damages, or First Amended Complaint for Damages to Nautilus, constitutes a breach of the Nautilus Policy.

44. CNB's failure to provide timely notice of the *Douglas* Lawsuit has materially and significantly prejudiced Nautilus and Nautilus' ability to defend CNB in the *Douglas* Lawsuit.

The prejudice suffered by Nautilus includes, but is not limited to, entry of Default Judgment against CNB (including an award of treble damages and attorneys' fees) and inability of Nautilus or defense counsel to set aside the Default Judgment; inability of Nautilus or defense counsel to engage in discovery related to the underlying claims raised in the *Douglas* Lawsuit; inability of Nautilus or defense counsel to raise credible liability defenses, defenses to plaintiffs' damages claims, or otherwise assert cross- or third-party claims against co-defendant IAW or other parties.

45. Nautilus has no duty to defend CNB in the *Douglas* Lawsuit, no duty to indemnify CNB for the Default Judgment, and no duty to indemnify, pay, or reimburse any of the Defendants in connection with the Default Judgment entered in the *Douglas* Lawsuit because of CNB's breach of the Nautilus Policy's notice conditions.

46. An actual controversy exists between Nautilus, CNB, Douglas, and GC & Lynn, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

    b. Find and declare that CNB breached Section IV, Condition 2., of the Nautilus Policy;

    c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend CNB in the *Douglas* Lawsuit, to indemnify CNB for the Default Judgment, or to indemnify, pay, or reimburse any of the Defendants in connection with the Default Judgment entered in the *Douglas* Lawsuit; and

    d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II – DECLARATORY JUDGMENT
## (PRIOR WORK EXCLUSION)

47. Plaintiff incorporates and re-alleges the preceding paragraphs 1-46 as if fully restated and set forth herein as paragraph 47.

48. The Prior Work Exclusion of the Nautilus Policy precludes coverage for "property damage" included in the "products completed operations hazard" and arising out of CNB's "work" that was completed by or on behalf of CNB prior to November 3, 2019.

49. In or about March 2018, CNB subcontracted to install a service line at the subject Property, and did in fact, install a service line pursuant to the Contract entered into between IAW and Janet Jones.

50. The damage to the subject Property alleged in the *Douglas* Lawsuit occurred away from premises owned or rented by CNB, and arose out of CNB's work or operations in installing the service line at the subject Property.

51. CNB's work, including installation of the service line at the Property, occurred in or about March 2018, and CNB's work on the Property was completed prior to November 3, 2019.

52. Accordingly, the Prior Work Exclusion of the Nautilus Policy bars coverage for the damages alleged in the *Douglas* Lawsuit.

53. Nautilus has and had no duty to defend CNB in the *Douglas* Lawsuit, no duty to indemnify CNB for the Default Judgment, and no duty to indemnify, pay, or reimburse any of the Defendants in connection with the Default Judgment entered in the *Douglas* Lawsuit because of the applicability of the Prior Work Exclusion.

54. An actual controversy exists between Nautilus, CNB, Douglas, and GC & Lynn, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to

declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Prior Work Exclusion bars coverage under the Nautilus Policy for the clams asserted in the *Douglas* Lawsuit, and for the Default Judgment entered against CNB;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend CNB in the *Douglas* Lawsuit, to indemnify CNB for the Default Judgment, or to indemnify, pay, or reimburse any of the Defendants in connection with the Default Judgment entered in the *Douglas* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III – DECLATORY JUDGMENT
## (PUNITIVE DAMAGES EXCLUSION)

55. Plaintiff incorporates and re-alleges the preceding paragraphs 1-54 as if fully restated and set forth herein as paragraph 55.

56. The Punitive Damages Exclusion of the Nautilus Policy precludes coverage for punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.

57. The *Douglas* Lawsuit asserts a claim for punitive damages for CNB's work or operations in installing the service line at the subject Property and seeks punitive and treble damages. *See* Ex. A, ¶¶ 79-83.

58. The Default Judgment entered against CNB includes in excess of $50,000 in treble damages or damages imposed to punish CNB and deter CNB or others from engaging in similar conduct.

59. Accordingly, the Punitive Damages Exclusion of the Nautilus Policy bars coverage for the punitive or exemplary damages or treble damages imposed on CNB in the *Douglas* Lawsuit.

60. Nautilus has and had no duty to defend CNB in the *Douglas* Lawsuit, no duty to indemnify CNB for the Default Judgment, and no duty to indemnify, pay, or reimburse any of the Defendants in connection with the Default Judgment entered in the *Douglas* Lawsuit.

61. An actual controversy exists between Nautilus, CNB, Douglas, and GC & Lynn, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

  a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

  b. Find and declare that the Punitive Damages Exclusion bars coverage under the Nautilus Policy for the punitive, exemplary, or treble damages imposed on CNB in the *Douglas* Lawsuit;

  c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend CNB in the *Douglas* Lawsuit, to indemnify CNB for the Default Judgment, or to indemnify, pay, or reimburse any of the Defendants in connection with any punitive or treble damages imposed on CNB by the Default Judgment entered in the *Douglas* Lawsuit; and

  d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated this 26th day of April, 2022.

                        Respectfully submitted,

                        */s/ Brian Micic*

                        One of the Attorneys for NAUTILUS INSURANCE COMPANY

Brian Micic
Attorney No. 35040-45
Dana Rice (*to be admitted pro hac vice*)
Attorney No. 6283827
Jason M. Taylor (*to be admitted pro hac vice*)
Attorney No. 6293925
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
312.332.3900
312.332.3908 (f)
bmicic@tlsslaw.com
drice@tlsslaw.com
jtaylor@tlsslaw.com